UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL FIGUEROA,

        Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND PETER MORMILE,

        Defendants.

No. 20 CV 10050 (LAP)

ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant City of New York's (the "City"), Defendant New York City Police Department's (the "NYPD"), and Defendant Peter Mormile's ("Mormile") motion to dismiss[1] Plaintiff Samuel Figueroa's complaint[2] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.[3] For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part.

---

[1] (See City Defs.' Notice of Mot. to Dismiss Compl. ("MTD"), dated Apr. 12, 2021 [dkt. no. 19]; Mem. of Law in Supp. of City Defs.' Mot. to Dismiss Compl. ("City Br."), dated Apr. 12, 2021 [dkt. no. 21]; Reply. Mem. of Law in Further Supp. of City Defs.' Mot. to Dismiss Compl. ("City Reply Br."), dated June 23, 2021 [dkt. no. 31].)

[2] Plaintiff submitted a Proposed Amended Complaint with his Opposition Brief, requesting leave to amend his Complaint. (See Amended Complaint ("Am. Compl."), dated May 19, 2021 [dkt. no. 26-1, Ex. A].) The request is granted, and the Court considers the Amended Complaint to be the operative pleading.

[3] (See Mem. of Law and Affirm. in Opp'n to Defs.' Mot. to Dismiss Compl. Pursuant to FRCP 12(b)(6) and Cross Mot. for Leave to Amend Pl's. Compl. ("Pl's. Opp."), dated May 19, 2021 [dkt. no. 26].)

1

Plaintiff raises claims of discrimination on the basis of race (Hispanic) and national origin (Puerto Rico), hostile work environment, and retaliation under federal, state, and city law. Defendants move to dismiss each claim. The Court addresses each issue in turn.

As a threshold matter, the NYPD is not a proper defendant under Section 396 of the New York City Charter. See New York City Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); see also Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000) (affirming dismissal of § 1983 claim against NYPD because NYPD was not a "suable entity" under Section 396). Accordingly, all claims against the NYPD are dismissed.[4]

With respect to Count I—discrimination and retaliation under 42 U.S.C. § 1983—Plaintiff fails sufficiently to state a claim for two reasons. First, Plaintiff does not allege that the City has a municipal custom, policy, or practice of discrimination.[5] See Monell v. Dep't of Soc. Servs. of N.Y., 436

---

[4] Hereafter, the Court will disregard Plaintiff's claims against the NYPD.

[5] Plaintiff merely alleges that Defendants "intentionally deprived Plaintiff of the same rights enjoyed by white citizens, to the rights, privileges, or immunities secured by the Constitution and laws." (See Pl's. Opp., Ex. A ¶ 49.)

U.S. 658, 694 (1978) (holding that municipal liability may exist only where the plaintiff sufficiently alleges a deprivation of constitutional rights, privileges, or immunities by reason of a municipal custom, policy, or practice); Ezagui v. City of N.Y., 726 F. Supp. 2d 275, 284 (S.D.N.Y. 2010) (dismissing plaintiff's claims for failing to "set forth any facts suggesting that a City policy or practice caused or contributed to the alleged deprivation of Plaintiff's constitutional rights"); see also 42 U.S.C. § 1983. Second, Plaintiff fails to allege that Defendant Mormile was a policymaker such that his individual actions represented the policy of the City. See Jones v. Town of East Haven, 691 F.3d 72, 81 (2d Cir. 2012) (holding that acts "by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability"). Accordingly, Defendants' motion to dismiss Count I is granted.

Next, Counts II through V allege discrimination, hostile work environment, and retaliation under Title VII and the New York State Human Rights Law ("NYSHRL"). (See Pl's. Opp., Ex. A ¶ 54-70.) The Court addresses each claim in turn.

Plaintiff's discrimination claim does not sufficiently state a claim for relief because Plaintiff does not allege that he suffered a cognizable adverse employment action, such as termination, demotion, or a decrease in pay or material

3

responsibilities.  See O'Toole v. County of Orange, 255 F. Supp. 3d 433, 441 (S.D.N.Y. 2017).  Further, Plaintiff does not allege that he actually received less vacation or sick time or was denied overtime.  Accordingly, Plaintiff's Title VII and NYSHRL discrimination claims fail.

However, Plaintiff's Title VII and NYSHRL hostile work environment claims state a plausible claim for relief due to the continuous and hostile nature of Mormile's alleged discriminatory conduct.[6]  Plaintiff alleges that Mormile repeatedly used odious and demeaning racial epithets to refer both to himself and his co-workers, which made Plaintiff "reluctant and apprehensive to interact with [Mormile]."  (Am. Compl. ¶ 27.)  For example, after Plaintiff agreed to testify on behalf of a Black co-worker in relation to that co-worker's claim of discrimination, Mormile allegedly told Plaintiff he "would not have helped that nigger."  (Id. ¶ 21.)  Mormile also

---

[6] See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 103 (2002) ("Hostile work environment claims are different in kind from discrete acts.  Because their very nature involves repeated conduct, the 'unlawful employment practice' cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." (citation omitted)); Chin v. Port Authority of N.Y. and N.J., 685 F.3d 135, 156 (2d Cir. 2012) (explaining that while "discrete discriminatory acts are not actionable if time barred," a hostile work environment may be actionable even if some of the conduct at issue did not occur during the statutory period (quoting Nat'l R.R. Passenger Corp., 536 U.S. at 102)).

4

allegedly told Plaintiff that "[o]nly white people deserve letters of recognition . . . not no good Puerto Rican spics . . . not even niggers . . . not you lazy Puerto Rican bums." (Id. ¶ 25.)  Mormile later allegedly told Plaintiff, "go back to your own country" because "you don't belong here.  We only want our people here; we don't want Puerto Rican . . . no spics . . . no blacks."  (Id. ¶ 26.)  On "multiple occasions," Mormile allegedly told Plaintiff, "you don't even look Puerto Rican, you look Mexican," and "you remind me of the Mexican people, always looking for freebies."  (Id. ¶ 32.)  According to Plaintiff, comments like these "continued throughout 2019."  (Id. ¶ 26.)

Although such "nasty" comments "do not amount to 'adverse employment actions' because they are not materially adverse changes in the terms, conditions or privileges of [] employment," Fridia v. Henderson, No. 99 Civ. 10749, 2000 WL 1772779, *7 (S.D.N.Y. 2000), Plaintiff sufficiently alleges a hostile work environment.  See Snell v. Suffolk County, 782 F.2d 1094, 1101 (2d Cir. 1986) (finding hostile work environment where plaintiffs "were subjected to a virtual barrage of racially offensive slurs and demeaning epithets that directly affected their work"); see also Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 102-03 (2d Cir. 2010) (vacating and remanding lower court's grant of summary judgment on hostile work environment claim where defendant made "approximately six"

5

comments "over a period of seven months"). Accordingly, Defendants' motion to dismiss Counts II and IV—hostile work environment in violation of Title VII and NYSHRL—is denied.

Finally, Plaintiff's retaliation claims under Title VII and NYSHRL fail to state a claim for relief because there is a lack of causation between Defendants' alleged retaliatory conduct and Plaintiff's participation in a racial discrimination action initiated by his co-worker against Defendants. Mormile's allegedly retaliatory announcement over the public address system occurred more than a year after Plaintiff agreed to testify on his co-worker's behalf. See Murray v. Visiting Nurse Servs. Of N.Y., 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) (finding two to three-month gap insufficient to support an inference of causation). Moreover, Plaintiff does not allege when, in relation to his participation in the investigation, he was the target of racial epithets, threatened with denial of overtime, or given a different standard for vacation and sick time from his co-workers. Accordingly, Defendants' motion to dismiss Counts III and V—retaliation in violation of Title VII and NYSHRL, respectively—is granted without prejudice to allow plaintiff to replead these claims.

Finally, Plaintiff brings claims of discrimination, hostile work environment, and retaliation under NYCHRL, asserting the same arguments made for Plaintiff's Title VII and NYSHRL claims.

6

NYCHRL's pleading standard mirrors that of Title VII and NYSHRL. See Feingold v. New York, 366 F.3d 138, 158 (2d Cir. 2004). However, NYCHRL is construed "broadly in favor of discrimination plaintiffs," see Albunio v. City of N.Y., 947 N.E.2d 135, 137 (N.Y. 2011), and claims "must be reviewed independently from and 'more liberally' than their federal and state counterparts." Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009).

Plaintiff's NYCHRL discrimination fails because Plaintiff has not alleged that he was "treated 'less well'—because of a discriminatory intent." See Mihalik v. Credit Agricole Cheuvreaux N. Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013) (emphasis added) (cleaned up); Gorman v. Covidien, LLC, 146 F. Supp. 3d 509, 532 (S.D.N.Y. 2015) ("The plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive." (cleaned up)).

Plaintiff's hostile work environment claim under NYCHRL survives Defendants' motion to dismiss, but Plaintiff's retaliation claim under NYCHRL is dismissed, both for the same reasons as discussed above regarding Plaintiff's hostile work environment and retaliation claims under Title VII and NYSHRL.

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), is GRANTED IN PART and DENIED IN PART. The

parties shall confer and submit a joint letter indicating how they wish to proceed no later than March 30, 2022.

**SO ORDERED.**

Dated:     March 16, 2022
           New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge